UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JARVAS BRINKLEY,

          Petitioner,

v.

RANDEE REWERTS,

          Respondent.

Case No. 2:20-cv-11419

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS [10], DECLINING
TO ISSUE CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Jarvas Brinkley is an inmate at the Carson City Correctional Facility. ECF 10, PgID 1113. He filed a pro se habeas petition under 28 U.S.C. § 2254. ECF 1. But Petitioner did not attach a brief in support of his petition, so the Court ordered him to file an amended petition. ECF 9. Petitioner filed an amended petition, ECF 10, and challenged his convictions for first-degree murder and possession of a firearm during commission of a felony under Mich. Comp. Laws §§ 750.316, 750.227b. The State responded to Petitioner's petition. ECF 7. For the reasons below, the Court will deny Petitioner habeas relief.[1]

---

[1] The Court need not hold a hearing because Petitioner is proceeding pro se and is incarcerated. E.D. Mich. L.R. 7.1(f)(1).

1

## BACKGROUND

Because the Michigan Court of Appeals' recitation of the facts is "presumed correct on habeas review," the Court will use that court's opinion for background. *Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

Petitioner's convictions arose from a shooting death in May 2016. *People v. Brinkley*, 2018 WL 4164402, at *1 (Mich. Ct. App. Aug. 30, 2018). Petitioner "attended a party at a house in Detroit." *Id.* And "[w]hile at the party, there was a confrontation between [Petitioner] and the victim." *Id.* "[B]oth [Petitioner] and the victim [then] left the house and proceeded to the driveway." *Id.* "[I]t is undisputed that [Petitioner] retrieved a handgun from his vehicle and shot the victim six times, including three shots that struck the victim's head, killing him instantly." *Id.*

The State charged Petitioner with one count of first-degree murder and one count of possession of a firearm during the commission of a felony. ECF 8-1, PgID 82. Petitioner pleaded not guilty. *Id.* But a jury convicted him on both counts. *Id.* The State court then sentenced Petitioner to life without parole for first-degree murder and to two years' imprisonment for his use of the firearm. ECF 8-11, PgID 944. Petitioner immediately appealed to the Michigan Court of Appeals, ECF 8-11, and later the Michigan Supreme Court, ECF 8-12. The Michigan Court of Appeals affirmed his conviction. ECF 8-11, PgID 925. And the Michigan Supreme Court denied his leave to appeal. ECF 8-12, PgID 1048. Petitioner thus filed the present petition for a writ of habeas corpus and argued that he received ineffective assistance of counsel for three reasons: (1) his trial counsel did not advise him to take the State's

plea offer; (2) his trial counsel failed to request curative jury instructions or move for mistrial; and (3) his trial counsel failed to object to "prosecutorial misconduct." ECF 10, PgID 1126, 1135.

## LEGAL STANDARD

The Court may grant a State prisoner habeas relief only if his claims were adjudicated on the merits and the State court's adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law. 28 U.S.C. § 2254(d)(1). "A [S]tate court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court cases] or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (cleaned up) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A State court does not unreasonably apply Supreme Court precedent when its application of precedent is merely "incorrect or erroneous," but only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). "A [S]tate court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the [S]tate court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). A State court need not cite Supreme Court cases "so long as neither the reasoning nor the result of the [S]tate-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by "lower federal courts may

3

be instructive in assessing the reasonableness of a [S]tate court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (cleaned up). If a claim is unexhausted, the Court may nevertheless deny relief on the merits. *See* 28 U.S.C. § 2254(b)(2); *see also Smith v. Nagy*, 962 F.3d 192, 204 (6th Cir. 2020) (rejecting unexhausted claim on the merits under § 2254(b)(2)); *Harris v. Lafler*, 553 F.3d 1028, 1031–32 (6th Cir. 2009) (explaining that a district court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit").

## DISCUSSION

The Court will address Petitioner's three arguments in turn. The Court will then deny Petitioner a writ of habeas corpus, a certificate of appealability, and leave to appeal in forma pauperis.

I. <u>Plea Offer</u>

The Court will deny Petitioner habeas relief on his first argument because Petitioner's attorney adequately explained the merits of his defense and the benefits of the plea offer. *See Brinkley*, 2018 WL 4164402, at *5–6. Petitioner claimed that he received ineffective assistance of counsel when his lawyer advised him that he had a valid self-defense claim and that he should reject the State's plea offer. ECF 10, PgID 1127. The Michigan Court of Appeals examined the same claim and held that "nothing in the record supported Petitioner's claim that his attorney misled him to believe that his claim of self-defense was so strong that Petitioner would be acquitted and should reject the plea offer." *Brinkley*, 2018 WL 4164402, at *5–6 (alterations

4

omitted). "Instead, the record show[ed] that, in questioning before the court, [Petitioner] agreed that his attorney explained all the good and bad aspects of his case." *Id.* And "[Petitioner] assured the court that he understood all the issues and understood that his rejection of the plea offer was his decision alone." *Id.*

A successful ineffective assistance of counsel claim has two prongs. "First, the [Petitioner] must show that counsel's performance was deficient. . . . Second, the [Petitioner] must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Sixth Amendment right to the effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Thus, a criminal defendant is "entitled to the effective assistance of competent counsel" during plea negotiations. *Id.* at 162 (quotation omitted). "[A]n erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Id.* at 174; *see Logan v. United States*, 910 F.3d 864, 872 (6th Cir. 2018) (holding that a trial counsel's "erroneous . . . prediction" of the case at the plea-bargaining stage was "not necessarily deficient performance" because the petitioner was "given all he needed to make an informed decision on the plea offer.").

The State court reasonably determined that Petitioner did not receive ineffective assistance of counsel. Nothing in the record supported Petitioner's assertion that his counsel guaranteed an acquittal based on self-defense or misadvised him on the applicability of self-defense to the facts of his case. *See* ECF 10. Indeed, Petitioner admitted during a plea colloquy that he and his attorney

"discussed [the terms of the plea bargain] at length." ECF 8-8, PgID 598–99. He also said "yes" he had time to "reflect" on the offer and "speak with [his] family about it as well." *Id.* at 599. And Petitioner agreed that "after much deliberation, [he] thought it would be in [his] best interest to not take the deal and to go forward with the case." *Id.* The plea colloquy confirmed that Petitioner's trial counsel informed Petitioner of "all of the things [he] thought were really good about the case" and "all of the things that [he] thought were going to be very challenging." *Id.* Because Petitioner was "given all he needed to make an informed decision on the plea offer," his first claim that his trial counsel was ineffective fails. *Logan v. United States*, 910 F.3d 864, 872 (6th Cir. 2018).

II. <u>Mistrial or Curative Jury Instruction</u>

Petitioner's second argument for habeas relief fails because even if Petitioner's trial counsel had requested a curative jury instruction or mistrial, the result of the trial would not have changed. Petitioner claimed that his counsel was ineffective because he failed to move for a mistrial or seek a curative jury instruction. ECF 10, PgID 1130–34. The Michigan Court of Appeals rejected the claim on the merits. *See Brinkley*, 2018 WL 4164402, at *5. The Michigan Court of Appeals held that, "just prior to the prosecutor's closing argument, juror number eleven told the court that as she was walking down the hallway of the courthouse on the second day of the trial, someone asked her, 'Oh, you guys ready to go home, right? Are you ready to say guilty?'" *Id.* (cleaned up). "[J]uror number 11 stated that this incident would not affect her decision." *Id.* And "the trial court . . . asked the rest of the jury if anything had

6

happened, outside of the evidence and trial that would make them feel intimidated or that would cause any one of them not to be impartial," or whether they could come to a "fair and impartial verdict based on the evidence." *Id.* (alterations omitted). None of the jurors stated that they felt intimidated or that they could not be impartial. *Id.* The Court of Appeals thus held that "[t]he record clearly show[ed] that none of the jurors felt intimidated for any reason, and all believed they would be able to render a fair and impartial verdict from the evidence." *Id.* Moreover, "[Petitioner] ha[d] not made a compelling argument that there was any need for a curative instruction. Also, [Petitioner] ha[d] not suggested what kind of curative instruction he believed his attorney should have asked to be given to the jury." *Id.* Petitioner thus did not "overcome the strong presumption that defense counsel's action constituted sound trial strategy under the circumstances." *Id.* (quotation omitted).

"A trial judge has the discretion to deny a mistrial in the absence of manifest necessity." *Harris v. Chapman*, No. 19-1671, 2019 WL 6878574, at *1 (6th Cir. Nov. 7, 2019). To establish that trial counsel was ineffective by failing to seek a mistrial, a petitioner "must show both that counsel was constitutionally deficient in failing to request a mistrial and that there is a reasonable probability that had he asked for a mistrial, it would have been granted." *Delaine v. United States*, 605 F. App'x 468, 471 (6th Cir. 2015).

But Petitioner did not show that there was a reasonable probability that a mistrial or curative instruction would have been granted. *See Brinkley*, 2018 WL 4164402, at *5. The trial court knew of the contact between an unidentified spectator

7

and juror and found that the contact did not warrant a curative instruction, let alone a mistrial. *Id.* Indeed the trial judge questioned the juror to ensure that the contact would not affect her verdict. *See id.* at *5. And the juror stated that she was able to vote fairly and impartially. *Id.* The event thus created no manifest necessity for the judge to declare a mistrial. *See Chapman*, 2019 WL 6878574, at *1. Plus, Petitioner did not show that there was a reasonable probability that the trial court would have granted a mistrial or curative jury instruction if Petitioner's counsel had asked for it. In fact, because the trial court inquired into the matter and determined that the trial could continue, it is unlikely that a request for a mistrial or curative instruction would have been granted. There is not a "reasonable probability" that Petitioner's request for a mistrial or curative instruction would have been granted, so Petitioner's second argument fails. *Delaine*, 605 F. App'x at 471.

III.    Prosecutorial Misconduct

The Court will deny Petitioner's third claim because Petitioner's counsel was not ineffective when he failed to object to the prosecution's suggestion that Petitioner intimidated a witness. "At trial, the prosecutor asked one of the witnesses if [Petitioner] ever threatened her, and she said no." *Brinkley*, 2018 WL 4164402, at *5. But the witness's statement "was not in conformity with the statements she gave to the police and the prosecutor before trial." *Id.* Consequently, "[t]he prosecutor directed the witness to her statement given during her investigative subpoena, specifically that the witness had stated that [Petitioner] called her the day after the shooting, threatened her, and she hung up on him." *Id.* The trial court then instructed

8

the jury that "[t]he out-of-court statement is not what the jury has to worry about . . . [t]he only purpose of the out-of-court statement is to determine whether or not this jury feels she's telling the truth here in court." *Id.* The court reiterated that "[t]he evidence that we have . . . is what she says in court this afternoon." *Id.* at \*5.

After reviewing the trial court's statements, the Michigan Court of Appeals held that "[t]he prosecutor's question was not improper." *Id.* It also held that "[b]ecause a [Petitioner's] threat against a witness is generally admissible, it was not prosecutorial misconduct for the prosecutor to ask the witness if she had been threatened by the [Petitioner]." *Id.* "[T]here was thus no prejudice to Petitioner when defense counsel failed to object to the prosecutor's question. And Defense counsel was not ineffective for failing to pursue a futile motion." *Id.* (cleaned up). The Court of Appeals concluded that "[Petitioner] has failed to demonstrate that his counsel's performance did not meet an object standard of reasonableness" or that, but for his counsel's errors, his trial would have turned out differently. *Id.*

The Court will deny petitioner habeas relief on his third argument because Petitioner's trial counsel provided him with effective assistance of counsel. "[A] prior inconsistent statement of the witness may be admitted to impeach a witness even though the statement tends directly to inculpate the defendant." *People v. Kilbourn*, 454 Mich. 677, 682 (1997); *see* MRE 607. Here, the prosecution asked a witness, "Has [Petitioner] ever threatened you?" ECF 8-7, PgID 486. The witness responded, "No." *Id.* The prosecution then impeached the witness's testimony by introducing her prior inconsistent statement. *See* ECF 8-7, PgID 486–488. In her prior statement, when

9

asked if Petitioner said anything to her, the witness said, "Yes. He threatened me." *Id.* at 487. Because Michigan law allows a prosecutor to impeach a witness by prior inconsistent statements and the court ordered that the prior inconsistent statements were only to be used for credibility determinations, the trial court acted properly. *See Brinkley*, 2018 WL 4164402, at *5. The Court will thus deny Petitioner's third argument for habeas relief.

Last, Petitioner must obtain a certificate of appealability to appeal the Court's decision. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability. The Court will also deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the amended habeas petition [10] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: December 7, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 7, 2022, by electronic and/or ordinary mail.

                                      s/ David P. Parker
                                      Case Manager